**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WAYNE PATRICK MCBETH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civ. No. 12-3583** |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| **Defendant.** | : | |
| | : | |

# O R D E R

Plaintiff Wayne Patrick McBeth seeks review of the Social Security Commissioner's denial of his claim for disability insurance benefits. (Doc. No. 5.) I referred the matter to the Magistrate Judge for a Report and Recommendation. (Doc. No. 9.) For the following reasons, I will overrule Plaintiff's counseled Objections to the Report and Recommendation and enter judgment for the Commissioner.

## I.     BACKGROUND

On May 4, 2009, Plaintiff applied for benefits, alleging that he has been disabled since September 24, 2004. (R. at 17.) The Social Security Administration denied the application on July 31, 2009 and the Administrative Law Judge held a hearing, at Plaintiff's request, on May 20, 2010. (R. at 32.) Plaintiff—represented by counsel—testified at the hearing, as did a vocational expert. (R. at 17, 32.)

The ALJ found that Plaintiff has the following impairments: disorders of the back; osteoarthritis; hip bursitis; affective disorder; and anxiety disorder. (R. at 19.) The ALJ also found that Plaintiff has the "residual functional capacity to perform light work": he is able to lift/carry up to 20 pounds occasionally and 10 pounds frequently; stand and walk for 6 hours in

an 8 hour workday; and sit for 6 hours in an 8 hour workday, with occasional climbing, balancing, stooping, kneeling, crouching and crawling. (R. at 21.) In addition, the ALJ found that the Plaintiff "requires a sit/stand option every 60 minutes and would be limited to unskilled work with routine and repetitive tasks and no more than occasional interaction with the public, co-workers, or supervisors." (R. at 21.) Finally, the ALJ found that a significant number of light and sedentary work positions for which Plaintiff is qualified are available in the national and local economies. (R. at 25.) On June 18, 2010, the ALJ concluded that Plaintiff was not disabled between that date and September 24, 2004. (R. at 26.)

The Appeals Council affirmed on May 11, 2012. (R. at 1-3.) On June 25, 2012, Petitioner filed this action challenging the Commissioner's decision. (Doc. No. 1.) On May 13, 2013, the Magistrate Judge issued a Report and Recommendation. (Doc. No. 15.) Plaintiff timely objected, and the Commissioner responded. (Doc. Nos. 16 & 18.) (According to his counsel, Plaintiff was subsequently found disabled at the initial level as of June 2010. (Doc. No. 14.))

## II.    LEGAL STANDARD

I must review *de novo* each issue addressed by the Magistrate Judge to which Plaintiff has raised a timely and specific objection. 28 U.S.C. § 636(b)(1) (2002); see also Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). I may "accept, reject, or modify, in whole or in part, the [Magistrate Judge's] findings and recommendations." 28 U.S.C. § 636(b)(1). It is also within my discretion to rely on the Magistrate Judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980).

For each issue to which Plaintiff objected, I must determine whether "substantial evidence" supports the ALJ's decision. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d

Cir. 1986). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)). If substantial evidence supports the ALJ's decision, I must uphold it even if I would have made different factual findings. Hartranft, 181 F.3d at 360.

In evaluating a claimant's credibility, the ALJ is required to indicate the testimony she rejected and the basis of her findings. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999). When discrediting a claimant, the ALJ may rely on, *inter alia*, discrepant medical evidence and the claimant's inconsistent statements. See 20 C.F.R. § 404.1529 (2011); Chandler v. Comm'r of Soc. Sec. Admin., 667 F.3d 356, 363 (3d Cir. 2011) ("Although 'any statements of the individual concerning his or her symptoms must be carefully considered,' the ALJ is not required to credit them.") (quoting SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996)).

## III.    DISCUSSION

### A.    Assessment of Plaintiff's Credibility

Plaintiff objects to the Magistrate Judge finding that the ALJ's assessment of Plaintiff's credibility was supported by substantial evidence. Plaintiff does not so much contest the evidence that the ALJ considered, as protest the ALJ's decision to discredit contrary evidence. To be sure, an ALJ "must consider all relevant evidence when determining an individual's residual functional capacity." Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). But there is "no authority for the proposition that an ALJ must cite all evidence a claimant presents." Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008).

Here, the ALJ acknowledged Plaintiff's reports of back and hip pain, bouts of despair,

and difficulties interacting with others.  (R. at 22.)  The ALJ went on to find that Plaintiff's medically determinable impairments could reasonably be expected to cause these symptoms.  Id. The ALJ also found, however, that Plaintiff's statements about the intensity, persistence, and limiting effects of his disability were not credible.   Id.   In support, the ALJ cited the inconsistency of Plaintiff's statements with his residual functioning capacity, which she determined by considering the factors listed in 20 CFR 404.1529(c) and 416.929(c).  The ALJ found that Plaintiff had a conservative treatment history (e.g. acupuncture rather than surgery), had responded to conservative treatment measures (e.g. ice), and had not taken pain medication since Fall 2008.  (R. at 23-24.)  In addition, the ALJ found that Plaintiff cooks, does laundry, walks his dog, drives, and mows the lawn.  (R. at 22.)

Because the ALJ's findings concerning Plaintiff's residual functional capacity, and concomitant discrediting of some of Plaintiff's subjective statements, were both "accompanied by a clear and satisfactory explication of [their] basis," I will overrule Plaintiff's objection. Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir.1981)).

### B.    Inappropriate Medical Analysis

In reviewing Plaintiff's treatment history, the ALJ noted that a 2005 examination showed "positive Waddell's signs."  As the Magistrate Judge has explained:

> Waddell's signs are special maneuvers used to evaluate persons when exam findings are inconsistent.  A positive Waddell's sign generally indicates a non-physiological etiology of pain.

(Doc. No. 15 at 11 (citing Destefano v. Astrue, Civ. No. 07-3750, 2009 WL 113744, at *6 n.20 (E.D. Pa. Jan. 14, 2009)).)  Plaintiff maintains that because the ALJ did not mention the significance of the Waddell's signs, she engaged in "inappropriate medical analysis."  Rodriguez v. Astrue, Civ. No. 10-02524, 2011 U.S. Dist. LEXIS 145571, at *22 n.20 (M.D. Pa. Dec. 19,

2011).  I do not agree.

In Rodriguez, the ALJ stated that positive Waddell's signs "clearly establish that the claimant repeatedly overstates his symptoms." Id. The District Court rejected this conclusion as unsupported by medical testimony and as contrary to Dr. Waddell's views on the proper use of his test. Id. Here, the ALJ noted Plaintiff's positive Waddell's signs, but did not rely on these results to find that Plaintiff was malingering. Rather, as I have described, she discredited Plaintiff's testimony regarding the intensity and effect of his symptoms based on the inconsistency of this testimony with other parts of the record. Accordingly, I will overrule Plaintiff's objection.

### C.    Evaluation of Medical Opinions

Plaintiff objects that the Magistrate Judge should not have upheld the ALJ's evaluation of Plaintiff's medical experts. Plaintiff argues that the ALJ gave insufficient weight to the residual functional capacity assessments made by Plaintiff's primary care physician, Dr. Leroy Fleisher, and his rheumatologist, Dr. Thomas Whalen, and too much weight to the assessment of the state agency physician, Dr. Carla Huitt. The ALJ must evaluate all medical opinions, giving them weight according to their support and consistency with the record as a whole. Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). The ALJ is then free to credit some opinions and discredit others, as long as she provides a rationale for doing so. Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 506 (3d Cir. 2009). Opinions of a treating physician are entitled to controlling weight only when they are well-supported and not inconsistent with other substantial evidence in the record. See Hall v. Comm'r of Soc. Sec., 218 F. App'x 212, 215 (3d Cir. 2007) (affirming ALJ's decision to give little weight to treating physician's reports because of "internal inconsistencies in various reports and treatment notes . . . as well as other contradictory medical

evidence"); <u>Fargnoli</u>, 247 F.3d at 43.

Here, the ALJ rejected the suggestion—made by Drs. Fleisher and Whalen—that Plaintiff could not sit or stand for more than two hours a day. (R. at 23.) The ALJ cited both the progress notes made by these doctors, as well as the record as a whole. Both doctors found that Plaintiff had a diminished range of motion and that his pain was almost always severe enough to interfere with his concentration. (R. at 320, 321, 372.) But both doctors' notes, however, indicate that Plaintiff had experienced some reduction in pain on several visits. (R. at 240, 245, 367, 371.) Additionally, the record shows that Plaintiff undertook only conservative treatment for his allegedly severe back pain, and continued to engage in the various activities of daily living I have described. (R. at 45, 154-57, 178-79, 256, 361-66.) Substantial evidence in the record also shows that Plaintiff's range of motion was normal. (R. at 191, 199, 200, 213-15, 252, 258.) In light of this contrary evidence, the ALJ permissibly gave little weight to the assessments of Drs. Fleisher and Whalen. Because Dr. Huitt's assessment was consistent with the rest of the medical record, however, the ALJ properly gave it significant weight. The ALJ permissibly modified Dr. Huitt's assessment by including additional limitations, based on evidence presented at the hearing, to account for further restrictions in Plaintiff's exertional abilities and the need for a sit/stand option. (R. at 23.) Accordingly, I will overrule Plaintiff's objection.

Plaintiff also argues that the ALJ improperly credited the psychological examination of the state agency consultant, Dr. Joseph Puleo, even though he did not take into account the treatment records of Plaintiff's therapist, Mr. Nathaniel Prentice. Dr. Puleo found that neither Plaintiff's physical pain nor his psychological disorders prevented him from concentrating and working with others. (R. at 291, 293-94.) Mr. Prentice, in contrast, found that Plaintiff's GAF score was 50, that his back pain would prevent him from working, and that his depression would

isolate him.  (R. at 357-59.)

The ALJ gave Mr. Prentice's assessment little weight because he is not a doctor, and because his assessment was not supported by his own case notes.  (R. at 24.)  As both the ALJ and the Magistrate Judge noted, Mr. Prentice, a licensed clinical social worker, is not an "acceptable medical source," and so his opinion cannot be used to establish the existence of a medically determinable impairment.    SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). Moreover, Mr. Prentice's assessment of the severity of Plaintiff's impairments was undermined by numerous notations in his progress notes—referred to by the ALJ and highlighted by the Magistrate Judge—demonstrating Plaintiff's improved mental condition and social interactions. (R. 324-356.)  In contrast, Dr. Puleo is a state agency consultant who found—consistent with the treatment evidence—that Plaintiff suffered from no more than "slight limitations."  (R. at 24.) The ALJ thus permissibly gave greater weight to Dr. Puleo's findings than to Mr. Prentice's opinion.    See 20 C.F.R. § 404.1527(e)(2)(i) ("[S]tate agency medical and psychological consultants are highly qualified . . . experts in Social Security disability evaluation."); Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 93 (3d. Cir. 2007) (ALJ properly relied on a state agency psychologist to evaluate a claimant's mental impairment, even though a consulting psychologist offered a different opinion).  Accordingly, I will overrule Plaintiff's objection.

### D.    **Chenery** Violation

In evaluating and affirming the ALJ's decision to discredit Dr. Fleischer, the Magistrate Judge referred to contrary findings made by specialists to whom Dr. Fleisher had referred Plaintiff, including a report from the Crozer Interventional Pain Management Center and an evaluation by Dr. Michael Stanley.  (Doc. No. 15 at 15; R. at 253-54.)  Plaintiff alleges that this was improper because these records were not explicitly cited by the ALJ.  See SEC v. Chenery

Corp., 318 U.S. 80 (1943); see also Fargnoli, 247 F.3d at 44 n.7 (District Court violated Chenery doctrine when it relied on medical records not mentioned by the ALJ but found "in its own independent analysis"). But see Correa v. Astrue, Civ. No. 07-5435, 2009 WL 585500 (E.D. Pa. Mar. 4, 2009) ("When determining whether the ALJ's decision is supported by substantial evidence, the court may look to any evidence in the record, regardless of whether the ALJ cites to it in his decision.") (citing Hook v. Bowen, 677 F. Supp. 305, 306 (M.D. Pa. 1988); Esposito v. Apfel, Civ. No. 99-771, 2000 WL 218119, at *6 (E.D. Pa. Feb. 24, 2000)). Again, I do not agree.

First, the ALJ, in fact, cited some of this evidence—the progress notes of Mr. Prentice. (R. at 24.) As for the evidence not explicitly cited by the ALJ—the notations of Dr. Stanley and the evaluation by Crozer Interventional Pain Management—there was ample other evidence in the record, as described above, that undermined Dr. Fleisher's assessment—including his own progress notes, which the ALJ explicitly cited. The ALJ's decision to discredit Dr. Fleisher is thus supported by substantial evidence and "capable of providing meaningful judicial review." Cosby v. Comm'r of Soc. Sec., 231 F. App'x 140, 146 (3d Cir. 2007). Accordingly, I will overrule Plaintiff's objection.

### E.    Hypothetical for Vocational Expert

Finally, Plaintiff objects to the Magistrate's approval of the ALJ's use of a hypothetical question restricting Plaintiff to "unskilled work, with routine repetitive tasks." Plaintiff argues that the hypothetical did not properly take into account Plaintiff's moderate limitations in concentration, persistence, and pace. (R. at 53-54.) Plaintiff offers two inapposite cases in support of his position. Kaumans v. Astrue, Civ. No. 11-01404, 2012 U.S. Dist. LEXIS 164651, at *40 (M.D. Pa. Nov. 19, 2012); Weinsteiger v. Astrue, Civ. No. 9-1769, 2010 U.S. Dist.

LEXIS 5971, at *32 (E.D. Pa. Jan. 5, 2010). Third Circuit precedent, however, suggests that the hypothetical was proper.

An ALJ's hypothetical question to a vocational expert "must reflect all of a claimant's impairments that are supported by the record." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). The Third Circuit has thus held a hypothetical involving only a restriction to simple, repetitive tasks to be insufficient where a claimant "often" had deficiencies in concentration, persistence, or pace that limited her ability to perform. Ramirez v. Barnhart, 372 F.3d 546, 554-55 (3d Cir. 2004). The Ramirez Court noted, however, that such a hypothetical could be justified where the ALJ has concluded that the deficiencies were "minimal or negligible." Id. at 555; see also McDonald v. Astrue, 293 Fed. App'x. 941, 946 (3d Cir. 2008) (hypothetical limiting plaintiff to "simple, routine tasks" was "adequate" in accounting for his moderate limitations in concentration, persistence, and pace); Menkes v. Astrue, 262 Fed. App'x. 410, 412 (3d Cir. 2008) ("[T]he ALJ accounted for these [moderate] mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.'").

Here, the ALJ found that Plaintiff had only moderate difficulties with regard to concentration, persistence, or pace. (R. at 21.) The ALJ also gave great weight to Dr. Puleo's assessment that Plaintiff's physical discomfort did not adversely affect his ability to concentrate or focus. (R. at 24.) Moreover, the ALJ explicitly found that unskilled work would be compatible with Plaintiff's mental impairments. (R. at 24.) The hypothetical thus properly reflected Plaintiff's impairments as evidenced by the record and determined by the ALJ. Accordingly, I will overrule Plaintiff's objection.

### IV. CONCLUSION

Substantial evidence supports the ALJ's decision. <u>Hartranft</u>, 181 F.3d at 360. Accordingly, I will overrule Plaintiff's Objections and adopt the Report and Recommendation upholding the ALJ's denial of Plaintiff's claim for disability insurance benefits.

**AND NOW**, this 18th day of November, 2013, upon consideration of Plaintiff's Request for Review, Defendant's Response, Plaintiff's Reply, the Report and Recommendation of the Magistrate Judge, Plaintiff's Objections to the Report and Recommendation, and Defendant's Response, it is hereby **ORDERED** as follows:

1. Plaintiff's objections to the Report and Recommendation (Doc. No. 16) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 15) is **APPROVED** and **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment/Request for Review (Doc. No. 6) is **DENIED**;

4. The decision of the Commissioner which denied disability insurance benefits to Plaintiff is **AFFIRMED;** and

5. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

                                                    **AND IT IS SO ORDERED.**

                                                    */s/ Paul S. Diamond*
                                                    _____
                                                    Paul S. Diamond, J.